For meaning of Abreviations, See Ternary Digest, page XII.

---

### No. 51
### SOUKUP et v. KERMAN et
### No. 20166.  Supreme Court

On motion to certify.  Dock. Nov. 15, 1926, 4 Abs. 774.

1029.  RESCISSION—Does default on part of one of the parties to a real estate contract in a detail of one mortgage, when there are several, entitle other party to rescission of entire contract?

This action is one for rescission of a real estate contract which has long since been consummated by the delivery of the deed.  Plaintiff alleges that he was to buy certain property for $7300 and pay $500 down.  Action to rescind was filed in August 1924 and possession was retained by plaintiffs until December, 1925 and at no time was there an offer, tender, or delivery of possession of the premises until foreclosure proceedings were brought upon the mortgages assumed.

The only ground claimed for rescission is that the terms of the first mortgage were not in fact what they should have been.

It is claimed that courts will not rescind a real estate transaction where title has passed and where perfectly good title has been given, possession taken and payments made for some time thereafter, where the only default on part of the defendant is that of a mere detail of one mortgage.  It is urged that in order to be the basis for rescission, the default must be a substantial one and must go to the whole contract and not to a mere detail.

Attorneys—Edward Blythin for Soukup; Spear, Godfrey and Spear for Kerman; all of Cleveland.

### No. 52
### GARLAND et v. SPEIDEL
### No. 20175.  Supreme Court

On motion to certify.  Dock. Nov. 17, 1926, 4 Abs. 790.

336.  CRIMINAL CONVERSATION—When does the statute of limitations run thereon, from the time the unlawful acts were committed or at the time plaintiff became aware of same?

1106.  STATUTE OF LIMITATIONS—Does fact that cause of action is commenced within time, and same is dismissed without prejudice after time has run, bar a new action arising from the same cause?

R. L. Garland contends in the Supreme Court
1.  The statute of limitations begins to run against a cause of action for criminal conversation when the unlawful acts were committed, and out from the time he (Garland) became aware of same.

2.  Where an action is brought within the statute and same is dismissed without prejudice after time limit has run, a new action for same cause is barred thereafter.

Attorneys—K. L. Coburne, Salem; F. E. Hunter, Alliance, for Garland; Hart and Koehler, Aliance, for Speidel.